UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

SHADY GROVE MISSIONARY
BAPTIST CHURCH, INC
117 and 119 Grand Avenue
Miami, FL 33133

CASE NO.: 11-41114-AJC
CHAPTER 11

    Debtor.

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY FOR CAUSE

COCONUT GROVE BANK, by and through its undersigned attorneys, moves the Court

for an Order lifting, modifying or annulling the automatic stay for cause, and in support thereof

would show:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP

4001(a) and the various other applicable provisions of the United States Bankruptcy Code,

Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. The Debtor(s) listed above (the "Debtor(s)") filed a voluntary petition pursuant to

Chapter 11 of the Bankruptcy Code on November 8, 2011.

3. Creditor, Coconut Grove Bank, commenced a foreclosure action in the Circuit Court

of the 11th Judicial Circuit in and for Miami-Dade County, Florida, which ultimately resulted in

the entry of a foreclosure Final Summary Judgment against the Debtor(s) on October 5, 2011

for the amount of $418,038.46 (the "Judgment"). See Exhibit "A" attached hereto. Said

Judgment confirms Coconut Grove Bank's interest in the Debtor(s) property located at 117 and

119 Grand Avenue, Miami, Florida, 33133 legally described as:

>    Lots 5 and 6, Block 1-A, MCFARLANE HOMESTEAD,
>    as recorded in Plat Book 5, Page 81, of the Public Records
>    of Miami-Dade County, Florida

4. On January 4, 2012 this Court granted partial stay relief to allow Creditor to re-set its state court foreclosure sale. [C.P. 25]  The sale is presently set for April 5, 2012.

5. The Miami-Dade County Property Appraiser, has determined the market value of the subject property to be $365,204.00.  See Exhibit "B" attached hereto.  Thus, there is no equity in the subject property for the benefit of unsecured creditors of the estate.

6. The property has not been claimed exempt and the Debtor is not capable of reorganizing based upon any reasonable interpretation of the Debtor's bankruptcy filings to date. Debtor proposes to cram Creditor's debt but has not filed a motion to value.  Even assuming Debtor crams Creditor's secured claim, Debtor has insufficient income to fund a plan. Additionally,  this is a single asset real estate case, with a single scheduled Creditor - Coconut Grove Bank.  Coconut Grove Bank will not vote to approve a plan that impairs it's claim and therefore, Debtor cannot get one impaired class to approve the plan.  Finally, Secured Creditor force placed insurance on the property February 2, 2012.  Exhibit "C."  And, although, Debtor's counsel claims to have subsequently obtained insurance for the property, as of the date of service of this motion proof of insurance has not been provided.

7. Secured Creditor maintains that cause exists pursuant to 11 U.S.C.  § 362(d)(1) for the automatic stay be lifted to allow Secured Creditor to pursue *in rem* remedies given that its interests are not being adequately protected due to the failure of the Debtor(s) to make payments

prior or subsequent to the filing of the instant bankruptcy petition and forcing the Secured Creditor to place hazard insurance on the property and because there is no equity in the subject property for the benefit of unsecured creditors of the estate.

8. Furthermore, Secured Creditor's security interest in the property is being significantly jeopardized by the Debtor(s)' failure to make said payments while Secured Creditor is prohibited from pursuing lawful remedies to enforce said judgment.

9. Secured Creditor respectfully requests the Court waives the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001 (a)(3), so the Secured Creditor can pursue its *in rem* remedies without further delay.

10. Pursuant to 11 U.S.C. § 362(e), Secured Creditor hereby requests that in the event a hearing becomes necessary, one beheld within thirty (30) days.

11. Pursuant to Local Rule 9072-1, a Proposed Order accompanies this Motion. See Exhibit "D" attached hereto.

WHEREFORE, Secured Creditor respectfully requests that the automatic stay be lifted so that it may pursue *in rem* to protect its security interest in the Debtor(s)' property outside of the bankruptcy forum, that the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) be waived, that Secured Creditor's attorneys' fees and costs incurred in filing this Motion be recoverable that in the event a hearing is necessary, the hearing be held within thirty (30) days, and for such other relief as the Court may deem just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via regular

mail on the 27th  day of February 2012 to: Christian Diaz, Esq. 75 Valencia Avenue 6th Floor,

Coral Gables, FL 33134 and the Office of the US Trustee, 51 S.W. First Avenue, Miami, FL

33130.


                    SAX, WILLINGER & GOLD
                    Attorney for Creditor
                    5801 NW 151 Street Suite 307
                    Miami Lakes, FL 33014
                    (305) 591-1040


                    STUART M. GOLD
                    Fla. Bar No.: 265421

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

GENERAL JURISDICTION DIVISION

CASE NO. 10-52649 CA21

COCONUT GROVE BANK,
a Florida banking corporation,

DIVISION: 21 (Judge William Thomas)

      Plaintiff,

vs.

SHADY GROVE MISSIONARY
BAPTIST CHURCH, INC., a Florida
corporation,

      Defendant.

_____/

## FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order 09-09)

**THIS ACTION** was heard before the Court on Plaintiff's Motion for Summary

Judgment on October 5th, 2011. On the evidence presented;

**IT IS ORDERED AND ADJUDGED** that:

1.  The Plaintiff's Motion for Summary Judgment is GRANTED. Service of

    process has been duly and regularly obtained over Defendants: SHADY

    GROVE MISSIONARY BAPTIST CHURCH, INC., HENRY

    BOATWRIGHT, CHAMARA PORCHER, SAM JACKSON, MONIKA

    PETERS, and HEART OF GOD MINISTRIES.

2.  <u>**Amounts Due**</u>. There is due and owing to the Plaintiff the following:

    a.  <u>Loan No. 01-683789-63</u>:
    Principal due on the note secured by the mortgage
    foreclosed:                                 $162,319.13

**EXHIBIT A**

| | |
|---|---|
| Interest $79.60 p/d 619 days at 17.9% | $  49,272.40 |
| Pre-Accelerated Late Charges | $    1,225.39 |
| **SUB-TOTAL** | $212,816.92 |

b.  **Loan No. 01-683789-64:**

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $144,940.96 |
| Interest $71.08 p/d 645 days at 17.9% | $  45,846.60 |
| Pre-Accelerated Late Charges | $    1,305.93 |
| **SUB-TOTAL** | $192,093.49 |
| Title Search | $     150.00 |
| Lien Search | $     225.00 |
| **COURT COSTS:** | |
| Filing Fee and Record Lis Pendens | $   1,944.50 |
| Service of Process | $     245.00 |
| **SUB-TOTAL:** | $407,474.91 |
| **ADDITIONAL COSTS:** | |
| Florida Mediation Group | $     246.70 |
| Court Reporting Fees | $     316.85 |
| **SUB-TOTAL:** | $408,038.46 |
| Attorney fees based upon 69.7 hours at $250.00 p/h | $ 10,000 wri |
| Less: Undisbursed escrow funds | $      -0- |
| Less: Unearned insurance premiums | $      -0- |
| **GRAND TOTAL:** | $418,038.46 wri |

3. **Interest:** The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. **Lien on Property:** Plaintiff whose address is 2701 South Bayshore Drive, Miami, Florida 33133, holds a lien for the grand total sum specified in Paragraph 2 herein.  The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the Defendants and all persons, corporations, or other entities claiming by, through, or under the Defendants or any of them and the property will be sold free and clear of all claims of the Defendants, with the exception of any assessments that are superior pursuant to Florida Statutes,

2

Section 718.116. The Plaintiff's lien encumbers the subject property located in Miami, Miami-Dade County, Florida and described as:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE**

5. **Sale of Property**: If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this Judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on the _____ day of _____ NOV 0 9 2011, 2011, to the highest bidder for cash, except as prescribed in Paragraph 6, at:

www.miamidade.realforeclose.com, the Clerk's website for on-line auctions at 9:00 a.m.

after having first given Notice as required by Section 45.031, Florida Statutes.

6. **Costs**: Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7. **Right of Redemption**: On filing of the Certificate of Sale, Defendants' right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

3

8. **Distribution of Proceeds**: On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's Attorneys' Fees; fourth: the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 2 from this date to the date of sale. During the sixty (60) days after the Clerk issues the Certificate of Disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. **Right of Possession**: Upon filing of the Certificate of Title, Defendant and all persons claiming under or against Defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009."

10. **Attorney Fees**: The Court finds, based upon the Affidavits presented and upon inquiry of counsel for the Plaintiff, that 60.9 hours were reasonably expended by Plaintiff's counsel and that an hourly rate of $250.00 is appropriate.     PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

4

11. **NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA. STATUTE (2006)**

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12. **Jurisdiction**: The Court retains jurisdiction of this action to enter further Orders that are proper, including, without limitation, writs of possession and deficiency judgments.

**DONE AND ORDERED** in Chambers in Miami, Miami-Dade County, Florida,

this ___5___ day of ___OCT___, 2011.

_____
Circuit Court Judge

Copies furnished to:
Leslie Alan Schere, Esq.
Ira Price, Esq.
Coconut Grove Bank, Plaintiff

Conformed Copy

OCT 05 2011

William L. Thomas
Circuit Court Judge

7

## EXHIBIT "A"

Lots 5 and 6, Block 1-A, **MCFARLANE HOMESTEAD**, as recorded in Plat Book 5, Page 81, of the Public Records of Miami-Dade County, Florida (hereinafter referred to as the "Property") a/k/a 117 and 119 Grand Avenue, Miami, Florida 33133.

Property Information Report                                           Page 1 of 1

## My Home

 

### Property Information Report

#### Summary Details:

| | |
|---|---|
| Folio No.: | 03-4120-006-0910 |
| Property: | 119 GRAND AVE |
| Mailing Address: | SHADY GROVE MISSIONARY BAPTIST |
| | P O BOX 330774 MIAMI FL |
| | 33233-0774 |

#### Property Information:

| | |
|---|---|
| Primary Zone: | 6400 COMMERCIAL, MEDIUM INTENSITY |
| CLUC: | 0044 RELIGIOUS |
| Beds/Baths: | 4/4 |
| Floors: | 2 |
| Living Units: | 4 |
| Adj Sq Footage: | 3,788 |
| Lot Size: | 5,000 SQ FT |
| Year Built: | 1925 |
| Legal Description: | MAC FARLANE HOMESTEAD PB 5-81 LOT 5 BLK 1-A LOT SIZE 50.000 X 100 OR 20640-3404 0802 2(2) OR 20640-3404 0802 02 |

#### Assessment Information:

| Year: | 2011 | 2010 |
|---|---|---|
| Land Value: | $250,000 | $350,000 |
| Building Value: | $115,204 | $115,558 |
| Market Value: | $365,204 | $465,558 |
| Assessed Value: | $365,204 | $465,558 |

#### Taxable Value Information:

| Year: | 2011 | 2010 |
|---|---|---|
| Taxing Authority: | Applied Exemption/ Taxable Value: | Applied Exemption/ Taxable Value: |
| Regional: | $320,649/$44,555 | $408,760/$56,798 |
| County: | $320,649/$44,555 | $408,760/$56,798 |
| City: | $320,649/$44,555 | $408,760/$56,798 |
| School Board: | $320,649/$44,555 | $408,760/$56,798 |

#### Sale Information:

| | |
|---|---|
| Sale Date: | 8/2002 |
| Sale Amount: | $240,000 |
| Sale O/R: | 20640-3404 |
| Sales Qualification Description: | Deeds which include more than one parcel |
| | View Additional Sales |

[Close window]          [Click here to Print]

This report was created on 12/28/2011 9:47:17 AM for reference purposes only.

Web Site © 2002 Miami-Dade County. All rights reserved.

EXHIBIT  B



Coconut Grove Bank
Insurance Center
PO BOX 261510
Miami, FL 33126

02/03/2012

Shady Grove Missionary Baptist
PO Box 330774
Miami FL 33233

Control # 9171001
Loan # 168378963

PROPERTY ADDRESS:
117 & 119 Grand Avenue
Miami FL 33133

RE:    Notice of Insurance Purchased by Coconut Grove Bank
       Your Obligation for Reimbursement

Dear Borrower:

Coconut Grove Bank previously informed you that we did not have satisfactory proof of **PROPERTY** insurance on the collateral we financed.   Coconut Grove Bank is exercising its right to purchase such insurance and seek reimbursement from you. Since Coconut Grove Bank did not receive proof of coverage, Coconut Grove Bank has now obtained an insurance policy to protect only our collateral interest.  Your equity on this property might not be insured.  Enclosed is a copy of the certificate, which shows the premium amount for the period of coverage.

**THIS COVERAGE VARIES FROM THE USUAL PROPERTY POLICY.  IT ONLY PROVIDES COVERAGE FOR THE STRUCTURE.  IT DOES NOT PROVIDE COVERAGE FOR LOSS OR DAMAGE TO PERSONAL OR BUSINESS PROPERTY, OR LOSS FROM THEFT, OR INJURY TO PERSONS OR PROPERTY FOR WHICH YOU MAY BE LIABLE.  NO COVERAGE FOR LOSS DUE TO EARTHQUAKE OR FLOOD IS PROVIDED.**

You may avoid any additional premium charges by purchasing an acceptable dual interest insurance policy within 30 days after this notice, which shall terminate the single interest policy as of the effective date of the dual interest policy.  Any unearned premium payment will be returned along with interest, if applicable.  In addition, if you can provide proof of insurance coverage for the prior period in question, as well as current coverage, Coconut Grove Bank may be able to obtain a cancellation of the portion of the premium it paid (if applicable), which would then be deducted from your loan balance. If you have not purchased insurance on this collateral, you may reimburse Coconut Grove Bank for the full amount of the premium it paid now and avoid interest accruing. Otherwise, Coconut Grove Bank will add the insurance premium it incurs to the outstanding balance owed by you.  Premium that Coconut Grove Bank has incurred will continue to accrue at the rate provided in your note, due and payable at the maturity date of your loan.

Please contact our Insurance Service Center at 305-441-6976 between the hours of 9:00 AM to 5:00 PM EST, if you have any questions or comments concerning your insurance coverage or this letter.

Sincerely,

Insurance Center

**EXHIBIT   C**

fibcoverletters-HZD

## LENDER PLACED INSURANCE
### EVIDENCE OF HAZARD INSURANCE

HAZARD MASTER POLICY NO. : AP210101889

HAZARD EVIDENCE OF INSURANCE NO. : 009873

NAMED INSURED:     Coconut Grove Bank
ADDRESS:     PO BOX 261510
     Miami, FL 33126

LOAN NUMBER:     168378963

LOCATION OF     117 & 119 Grand Avenue
PROPERTY INSURED:     Miami FL 33133

INSURED AMOUNT:     $200,000.00

EFFECTIVE DATE:     FROM: 02/03/2012   TO: 02/03/2013
     OR UNTIL CANCELLED

| | |
|---|---|
| Base Premium: | $7,300.00 |
| Surplus Lines Tax: | $365.00 |
| Surplus Lines Service Fee: | $7.30 |
| Florida Hurricane Catastrophe Fund: | $94.90 |
| Citizens Emergency Assessment: | $73.00 |
| Total Premium: | $7,840.20 |

(this is not a billing or premium to be used as a billing)

Coconut Grove Bank (hereinafter called "the Named Insured") has procured insurance under the above referenced Hazard Policy. This Hazard Policy has been issued by Associated International Insurance Co. in respect of coverage and limits as required (hereinafter called "Required Perils") by the Named Insured as agreed and fully detailed within the terms and conditions of your Loan Agreement.

This document is issued to notify you that the Named Insured has included your property under the above-mentioned Hazard Policy for Required Perils. The insurance provided is in accordance with the terms, limitations, conditions and exclusions contained in the Master Policy and any attachments thereto, held on file at the offices of the Named Insured. The Original Hazard Policy may be inspected at the offices of the Named Insured, situated at the above address.

In the event of a claim or any circumstances giving rise to the possibility of a claim the Named Insured must IMMEDIATELY notify the person(s) named within the Hazard Policy.

### THIS DOCUMENT IS ISSUED AS EVIDENCE OF INSURANCE ONLY
### IT DOES NOT CONSTITUTE A LEGAL CONTRACT OF INSURANCE

# Certificate Information

02/13/2012

## Overby-Seawell Co.

Coconut Grove Bank
PO BOX 261510
Miami, FL 33126

Borrower:   SHADY GROVE MISSIONARY BAPTIST
PO BOX 330774
MIAMI FL 33233

Account#:   168378963

Collateral:   117 & 119 GRAND AVENUE
MIAMI FL 33133

Certificate:   009873
Term:   02/03/2012 - 02/03/2013
Issue Date:   02/03/2012
Coverage Amt:   $200,000.00

| Written Transaction | Process Date | Eff Date | Premium | Insurance | Policy Fee | Admin Fee | Tax |
|---|---|---|---|---|---|---|---|
| Issue | 02/03/2012 | 02/03/2012 | 7,840.20 | 7,300.00 | | | 540.20 |
| Net Written | | | 7,840.20 | 7,300.00 | | | 540.20 |

IN THE UNITED STATES BANKRUPTCY COURT
THE SOUTH DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

SHADY GROVE MISSIONARY          CASE NO.: 11-41114-AJC
BAPTIST CHURCH, INC.,           CHAPTER 11

       Debtor.

_____/

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY

THIS CAUSE came on to be heard on _____, 2012 at _____ a.m./p.m., upon Motion for

Relief from Automatic Stay filed by Creditor, COCONUT GROVE BANK [D.E. _____], and the Court

based on the record, it is

ORDERED as follows:

1. Creditor's Motion for Relief from Stay be, and the same is hereby granted in Order that Creditor

may commence or conclude foreclosure proceedings upon the following described property on its First

Mortgage Loan.:

        LOTS 5 AND 6, BLOCK 1-A, MCFARLANE HOMESTEAD,
        AS RECORDED IN PLAT BOOK 5, PAGE 81, OF THE
        PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA
        a/k/a 117 and 119 Grand Avenue, Miami, FL 33133

                                          PROPOSED ORDER

**EXHIBIT  D**

2. This Order is entered for the sole purpose of allowing Creditor to obtain an in rem judgment against the property.

3. The 14 day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) is waived so that Creditor may forthwith enforce its note and First Mortgage in State Court by proceeding with its action to foreclose on the property which secures the mortgage.

4. Creditor is permitted to offer the Debtor information regarding potential Forebearance Agreement, Loan Modification, Refinance Agreement, or other loan workout/Loss Mitigation agreement and may enter into such agreement with the Debtor without violating any Discharge Order.  However, COCONUT GROVE BANK, may not enforce any personal liability against the Debtor if Debtor's personal liability is discharged in this bankruptcy case.

Copies furnished to:

Sax, Willinger & Gold
Stuart M. Gold, Esq.
5801 N.W. 151 Street, Ste. 307
Miami Lakes, FL 33014

*Attorney Gold is directed to immediately mail a conformed copy of this Order to all interested parties*

# # #

Page 2 of 2